Form CGFD106 (09/20/22)



**ORDERED in the Southern District of Florida on March 15, 2023**



**Peter D. Russin**
United States Bankruptcy Judge

## United States Bankruptcy Court
### Southern District of Florida
www.flsb.uscourts.gov

In re:

**Name of Debtor(s):** FedNat Holding Company

**Case Number:** 22–19451–PDR

————————————————————————/

**Monarch National Insurance Company and HP Managing Agency, LLC**

Plaintiff(s)

**VS.**

**Adversary Number:** 23–01053–PDR

**FedNat Underwriters, Inc.**

Defendant(s)

————————————————————————/

### ORDER SETTING SCHEDULING CONFERENCE AND ESTABLISHING PROCEDURES AND DEADLINES

To secure the just, speedy, and inexpensive determination of this adversary proceeding, it is

**ORDERED** as follows:

1. **SCHEDULING CONFERENCE.** Consistent with Fed. R. Civ. P. 16, made applicable here by Fed. R. Bankr. P. 7016, the Court will conduct a scheduling conference at the date and time set forth in the Summons issued in this adversary proceeding. The parties may not introduce testimony or documentary evidence at the scheduling conference. The Court may, however, consider relevant undisputed facts, judicial notice items, and admissions made during the scheduling conference by parties either directly or through counsel.

2. **RIGHT TO JURY TRIAL; WAIVER.** Unless each party has timely filed a statement of consent under Local Rule 9015–1(B), and unless otherwise ordered by the Court, not later than **4:00 p.m. two business days** before the scheduling conference, each party requesting a jury trial on any issue in this proceeding must file with this Court a motion for withdrawal of the reference pursuant to Local Rule 5011–1. **FAILURE OF ANY PARTY TO FILE A MOTION TO WITHDRAW THE REFERENCE ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH CONSTITUTES WAIVER BY SUCH PARTY OF ANY RIGHT TO TRIAL BY JURY IN THIS PROCEEDING.**

3.  **OBJECTION TO ENTRY OF FINAL ORDERS AND JUDGMENTS BY THE BANKRUPTCY COURT; CONSENT.** Unless otherwise ordered by the Court, not later than **4:00 p.m. two business days** before the scheduling conference, each party objecting to the entry of final orders or judgments by this Court on any issue in this proceeding must file with this Court a motion pursuant to Rule 7016(b), Fed. R. Bankr. P., requesting that this Court determine whether this proceeding is subject to the entry of final orders or judgments by this Court. Any such motion will be treated as an objection to the entry of final orders or judgments by this Court. **FAILURE OF ANY PARTY TO FILE A MOTION ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH CONSTITUTES CONSENT BY SUCH PARTY TO THIS COURT ENTERING ALL APPROPRIATE FINAL ORDERS AND JUDGMENTS IN THIS PROCEEDING.** Nothing in this paragraph limits this Court's ability to determine whether this proceeding is subject to entry of final orders or judgments by this Court.

4.  **FED. R. BANKR. P. 7026 AND APPLICABILITY OF FED. R. CIV. P. 26.** Except as otherwise ordered by the Court, Fed. R. Civ. P. 26(d)(1) and 26(d)(2) do not apply to this adversary proceeding, and Fed. R. Civ. P. 26(f) applies only to the extent set forth in this Order.

5.  **MEETING OF PARTIES.** At least 14 days before the scheduling conference, the attorneys for the parties (or, if a party is not represented by an attorney, the party) must meet (in person, if geographically feasible, and otherwise by video conference or by telephone) to discuss:

    a. the parties' claims and defenses;

    b. the possibility of settlement;

    c. the initial disclosures required by Fed. R. Civ. P. 26(a)(1);

    d. a discovery plan as required by Fed. R. Civ. P. 26(f);

    e. any e−discovery issues in accordance with Local Rule 7026−2; and

    f. proposed dates and deadlines to be set forth in a pretrial scheduling order, including dates and deadlines for:

    (1) making the initial disclosures required by Fed. R. Civ. P. 26(a)(1);

    (2) completion of discovery;

    (3) expert disclosures as required by Fed. R. Civ. P. 26(a)(2), and completion of expert discovery (if applicable);

    (4) filing motions to join additional parties and motions to amend the pleadings;

    (5) filing motions for judgment on the pleadings, motions for summary judgment, motions *in limine*, and Fed. R. Evid. 702 motions;

    (6) conducting mediation;

    (7) pretrial disclosures as required by Fed. R. Civ. P. 26(a)(3)(A); and

    (8) a final pretrial conference.

6. **PRETRIAL SCHEDULING ORDER.** At the scheduling conference, the parties must announce the proposed dates and deadlines as required in paragraph 5.f. above, to be set forth in a proposed form of pretrial scheduling order, which will be entered after the conclusion of the scheduling conference. Unless otherwise permitted by the Court, the pretrial scheduling order must be in substantially the form of this Court's standard form Order Setting Filing and Disclosure Requirements for Pretrial and Trial, with the only material variations being the agreed–upon dates and deadlines required in paragraph 5.f. above. If the parties fail to agree on a pretrial scheduling order by the time of the scheduling conference, the Court will select a date for the pretrial conference and enter the Court's standard form of Order Setting Filing and Disclosure Requirements for Pretrial and Trial with the default dates and deadlines set forth therein (unless the Court determines otherwise).

7. **DISCOVERY DISPUTES.** If a discovery dispute occurs, the parties must first, as required by Fed. R. Civ. P. 37(a)(1), as incorporated by Fed. R. Bankr. P. 7037, confer in good faith to attempt to resolve the issues, before filing a motion with the Court.

8. **DISPOSITIVE MOTIONS.**

    a. **FORM REQUIRED FOR DISPOSITIVE MOTIONS.** Absent prior permission of the Court, no party may file any motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, or response thereto, exceeding **twenty pages** in length, and no party may file any reply exceeding **ten pages** in length. Title pages preceding the first page of text, signature pages, and certificates of service are not counted as pages for purposes of this paragraph.

    If a party submits affidavits, declarations, or other materials in support of or in opposition to a motion for summary judgment, then: (A) the movant must serve with the motion all such materials; and (B) the opposing party must serve with the response all such materials in opposition to the motion. Any reply must be strictly limited to rebuttal of matters raised in the response. Absent prior permission of the Court, in connection with any motion for summary judgment no party may file affidavits or declarations that exceed **twenty pages** in the aggregate.

    b. **STATEMENT OF MATERIAL FACTS.** A motion for summary judgment and the opposition to it must each be accompanied by a separate and contemporaneously filed and served Statement of Material Facts. The movant's Statement of Material Facts must list the material facts that the movant contends are not genuinely disputed.

    An opponent's statement of Material Facts must clearly challenge any purportedly material fact asserted by the movant that the opponent contends is genuinely in dispute. An opponent's Statement of Material Facts also may thereafter assert additional material facts that the opponent contends serve to defeat the motion for summary judgment.

    The movant must respond to any additional facts asserted in the opponent's Statement of Material Facts even if the movant does not serve a reply memorandum. The due date for the Reply Statement of Material Facts is the due date for the reply memorandum.

    c. **FORM REQUIRED FOR STATEMENTS OF MATERIAL FACTS.**

    **All Statements of Material Facts.**

    All Statements of Material Facts (whether filed by the movant or the opponent) must be filed and served as separate documents and not as exhibits or attachments. In addition, the Statements of Material Facts must:

    (1) Not exceed ten pages;

 (2) Consist of separately numbered paragraphs, limited as far as practicable to a single material fact, with each fact supported by specific, pinpoint citations to particular parts of record material, including depositions, documents, electronically stored information, affidavits, stipulations (including those made for purposes of the motion only), admissions (including admissions in the answer), and interrogatory answers (e.g., Exhibit D, Smith Affidavit, ¶2; Exhibit 3, Jones deposition, p. 12/lines 4–9).

   The pinpoint citations must reference pages (and line numbers, if appropriate) of exhibits, designate the number and title of each exhibit, and provide the ECF number of all previously filed materials used to support the Statement of Material Facts. When a material fact requires specific evidentiary support, a general citation to an exhibit without a page number or pinpoint citation (e.g., "Smith Affidavit" or "Jones Deposition" or "Exhibit A") is non-compliant. If not already in the record on CM/ECF, the materials must be attached to the statement as exhibits specifically titled within the CM/ECF system (e.g., Smith Affidavit dated April 12, 2017, Jones Deposition dated May 19, 2018). Reference to a previously filed exhibit must use the "ECF No." format.

**Opponent's Statement of Material Facts.**

 (1) In addition to the foregoing requirements, an opponent's Statement of Material Facts must correspond with the order and paragraph numbering format used by the movant, but it must not repeat the text of the movant's paragraphs.

 (2) An opponent's Statement of Material Facts must use, as the very first word in each paragraph-by-paragraph response, the word "disputed" or "undisputed."

 (3) If an opponent's Statement of Material Facts disputes a fact in the movant's Statement of Material Facts, then the evidentiary citations supporting the opponent's position must be limited to evidence specific to that particular dispute.

 (4) Any additional facts that an opponent contends are material to the motion for summary judgment must be numbered and placed immediately after the opponent's response to the movant's Statement of Material Facts. The additional facts must use separately numbered paragraphs beginning with the next number following the movant's last numbered paragraph. The additional facts must be separately titled as "Additional Facts" and may not exceed five pages (beyond the ten-page limit for the opponent's Statement of Material Facts).

**Reply Statement of Material Facts.**

 (1) If an opponent's Statement of Material Facts includes additional facts, then the movant must respond to each additional fact in a separately served Reply Statement of Material Facts.

 (2) The Reply Statement of Material Facts must correspond with the order and paragraph numbering format used in the opponent's additional facts, identifying with the very first word in each fact as "disputed" or "undisputed" at the beginning of each paragraph in the statement, and, if disputed, citing to particular parts of materials in the record in the same manner as described above.

 (3) The movant may file and serve a reply memorandum of law, which is separate and distinct from the required Reply Statement of Material Facts, addressing the opponent's additional facts.

    d. **EFFECT OF FAILURE TO CONTROVERT UNDISPUTED FACTS.** All material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is supported by properly cited record evidence; and (ii) any exception under Fed. R. Civ. P. 56 does not apply.

    e. **CONSEQUENCES OF NON–COMPLIANCE.** If a party files and serves any Statement of Material Facts that does not comply with this rule, then the Court may strike the Statement, require immediate compliance, grant relief to any opposing party for any prejudice arising from a non–compliant statement or response, or enter other sanctions that the Court deems appropriate.

    f. **PROHIBITION AGAINST MULTIPLE MOTIONS FOR SUMMARY JUDGMENT.** Filing multiple motions for summary judgment is prohibited, absent prior permission of the Court. This prohibition is not triggered when, as permitted by Fed. R. Civ. P. 12(d), the Court elects to treat a motion filed pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c), as a summary judgment motion.

9. **COMPLIANCE WITH FEDERAL JUDICIARY PRIVACY POLICY.** All papers, including exhibits, submitted to the Court must comply with the federal judiciary privacy policy as referenced under Local Rule 5005–1(A)(2).

10. **MEDIATION.** Pursuant to Local Rule 9019–2, the Court may order the assignment of this proceeding to mediation at the scheduling conference or at any other time, upon the request of a party or sua sponte.

11. **SETTLEMENT.** If the adversary proceeding is settled, the parties must submit to the Court a stipulation or proposed judgment approved by all parties before the date of trial. If a judgment or stipulation is not submitted to the Court, all parties must be prepared to go to trial in accordance with the pretrial scheduling order. If the adversary proceeding is removed from the trial calendar based upon the announcement of a settlement, the adversary proceeding will not be reset for trial if the parties fail to consummate the settlement. In such event, the Court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the Court did not approve the settlement, in which case the matter will be reset for trial at a later date.

12. **DEFAULT.** If any defendant fails to answer or otherwise respond to the complaint in a timely manner, the plaintiff(s) must promptly seek entry of a clerk's default pursuant to Fed. R. Bankr. P. 7055(a), and Local Rule 7055?1, and must promptly move for default judgment. Unless judgment has been entered or the Court advises the plaintiff(s) that the scheduling conference has been continued or canceled, the plaintiff(s) must appear at the scheduling conference.

13. **SANCTIONS.** Failure to comply with any provision of this order or failure to appear at the scheduling conference may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

14. **CONTINUANCES.** Except for brief continuances sought pursuant to Local Rule 7004–2(B) or to accommodate the schedules of counsel (or the parties, if unrepresented), the Court will continue the scheduling conference only in extraordinary circumstances. Any request to continue the scheduling conference or any deadlines set forth in this order must be presented by written motion, and must set forth the status of service of process, the pleadings, and the pendency of any potentially dispositive motions, and must state the reasons why the party or parties seek a continuance.

15. **SERVICE.** Plaintiff('s)(s') counsel must serve a copy of this order on the defendant(s) with the summons and complaint.

# # #

A copy of this order was furnished to Harris J. Koroglu on behalf of the Plaintiff on March 15, 2023.

                                     By: Melva Weldon
                                     Deputy Clerk

*Page 6 of 6*